# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| **MARY L. COLTRANE,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **Case No.:  1:20-cv-00022-RDM** |
| | ) | |
| **VINCENT WILKINS, JR., et al.,** | ) | |
| | ) | |
| **Defendants.** | ) | |

---

## PLAINTIFF'S MOTION FOR SANCTIONS

Plaintiff Mary L. Coltrane ("Ms. Coltrane" or "Plaintiff"), by and through court-appointed counsel and in accordance with  Rules 37(b)(2)(A)(vi) and 37(b)(2)(C) of the Federal Rules of Civil Procedure as well as the Court's June 9, 2021 Order [*see* Dkt. 20 at 3-4], hereby moves this Court to grant sanctions in the form of a default judgment in this matter against Defendant Vincent Wilkins Jr. ("Wilkins") and Defendant Vincent Wilkins Jr. and Associates ("Associates") (collectively, "Defendants") as well as an award of attorney's fees for the time spent litigating this discovery dispute.

Said motion is made pursuant to Fed. Rules of Civ. Proc. 37(b)(2)(A)(vi) and 37(b)(2)(C) and all other appropriate legal authorities, as set forth in the Statement of Points and Authorities filed contemporaneously herewith.

Dated:  July 30, 2021                    Respectfully submitted,

                                         **MORRIS, MANNING & MARTIN, LLP**

                                         */s/Bonnie Hochman Rothell*
                                         Bonnie Hochman Rothell
                                             (D.C. Bar No. 421606)
                                         Jessica A. Rodriguez
                                             (D.C. Bar No. 1024134)
                                         1401 Eye Street, NW, Suite 600
                                         Washington, D.C. 20005
                                         Phone: (202) 408-5153
                                         Fax:    (202) 408-5146
                                         bhrothell@mmmlaw.com
                                         jrodriguez@mmmlaw.com

                                         *Counsel for Plaintiff*
                                         *Mary L. Coltrane*

## <u>LOCAL CIVIL RULE 7(m) CERTIFICATION</u>

Before filing this motion, undersigned counsel made numerous efforts to meet and confer with Defendants since January 2021. Defendants have not responded to any of undersigned counsel's e-mails, letters, or telephone calls, have failed to appear at three prior hearings, and have failed to produce discovery pursuant to this Court's order.

Dated: July 30, 2021                         Respectfully submitted,

**MORRIS, MANNING & MARTIN, LLP**

*/s/ Bonnie Hochman Rothell*
Bonnie Hochman Rothell
   (D.C. Bar No. 421606)
Jessica A. Rodriguez
   (D.C. Bar No. 1024134)
1401 Eye Street, NW, Suite 600
Washington, D.C. 20005
Phone: (202) 408-5153
Fax:    (202) 408-5146
bhrothell@mmmlaw.com
jrodriguez@mmmlaw.com

*Counsel for Plaintiff*
*Mary L. Coltrane*

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| **MARY L. COLTRANE,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **Case No.:  1:20-cv-00022-RDM** |
| | ) | |
| **VINCENT WILKINS, JR., et al.,** | ) | |
| | ) | |
| **Defendants.** | ) | |

---

**STATEMENT OF POINTS AND AUTHORITIES IN SUPPORT OF**
**PLAINTIFF'S MOTION FOR SANCTIONS**

**MORRIS, MANNING & MARTIN, LLP**

Bonnie Hochman Rothell
   (D.C. Bar No. 421606)
Jessica A. Rodriguez
   (D.C. Bar No. 1024134)
1401 Eye Street, NW, Suite 600
Washington, D.C. 20005
Phone: (202) 408-5153
Fax:    (202) 408-5146
bhrothell@mmmlaw.com
jrodriguez@mmmlaw.com

*Counsel for Plaintiff*
*Mary L. Coltrane*

## TABLE OF CONTENTS

I.      INTRODUCTION ..................................................................................................1

II.     BACKGROUND ....................................................................................................2

III.    ARGUMENT ..........................................................................................................8

   A.   Sanctions are Appropriate Here Under the Applicable Legal Standard. .............8

   B.   Sanctions are Appropriate under Rule 37(b) Because Defendants Have Violated Two Court Orders Compelling Discovery. .....................................................................10

   C.   Default Judgment is an Appropriate Sanction Given Defendants' Blatant Disregard for the Court's Rules and Orders. ............................................................................11

   D.   Plaintiff is Entitled to Reasonable Attorney's Fees as Additional Sanctions. ...................14

IV.    CONCLUSION ......................................................................................................16

# TABLE OF AUTHORITIES

**Cases**                                                           **Page(s)**

*Carazani v. Zegarra*,
    972 F. Supp. 2d 1 (D.D.C. 2013)..................................................................passim

*Embassy of Fed. Republic of Nigeria v. Ugwuonye*,
    292 F.R.D. 53 (D.D.C. 2013) .....................................................................passim

*Gharb v. Mitsubishi Elec. Corp.*,
    148 F. Supp. 3d 44 (D.D.C. 2015).......................................................................3

*In re* Wilkins,
    243 A.3d 866 (D.C. 2021)............................................................................3, 13

*In re* Wilkins,
    315 So.3d 211 (La. 2021)............................................................................3, 13

*Lewis v. Drug Enf't Admin.*,
    777 F. Supp. 2d 151 (D.D.C. 2011).....................................................................3

*Malede v. D.C. Jail Facility*,
    252 F.R.D. 63 (D.D.C. 2008) ............................................................................10

*Nat'l Hockey League v. Metro. Hockey Club*,
    427 U.S. 639 (1976).............................................................................................9

*Roadway Exp., Inc. v. Piper*,
    447 U.S. 752 (1980)....................................................................... 9, 10, 14, 16

*Shepard v. Am. Broad. Cos.*,
    62 F.3d 1469 (D.C. Cir. 1995).............................................................................9

*Webb v. District of Columbia*,
    146 F.3d 964 (D.C. Cir. 1998).............................................................................9

**Rules**

Fed. R. Civ. P. 1.......................................................................................................9

Fed. R. Civ. P. 37(b) .........................................................................................passim

Plaintiff Mary Coltrane ("Ms. Coltrane" or "Plaintiff"), by and through Counsel, submits this Statement of Points and Authorities in support of its Motion for Sanctions ("Motion").

## I.    INTRODUCTION

Vincent Wilkins, Jr. ("Wilkins") and Vincent Wilkins, Jr. and Associates ("Associates") (collectively "Defendants"), have repeatedly thumbed their noses at this Court and Ms. Coltrane by refusing to comply with court rules and orders despite warnings and reprimands to do so.  As discussed below, Ms. Coltrane, by and through counsel, has made numerous attempts to obtain discovery in aid of the court-ordered mediation.  Plaintiff has taken the following steps, to no avail:

- Propounded the discovery requests on January 5, 2021, demanding that responses to the requests be returned by February 4, 2021, in accordance with the Federal Rules of Civil Procedure.

- E-mailed Defendants on February 8, 2021, re-serving the discovery requests and demanding that responses be returned by February 12, 2021.

- E-mailed Defendants on February 19, 2021, demanding responses to the discovery requests by the end of the week in advance of mediation.

- Telephoned Defendants on at least four occasions from February 2021 to June 2021.

- E-mailed Defendants on March 2, 2021, demanding responses to the discovery requests as soon as possible in anticipation of mediation.

- Attended the Court-Ordered Mediation on March 29, 2021, and again requested the responses to the discovery requests.

- Attended May 11, 2021 hearing on discovery dispute, which Defendants failed to attend without prior notice, and orally moved to compel discovery.

- Attended June 4, 2021 hearing on discovery dispute, which Defendants failed to attend without prior notice.

- Attended July 26, 2021 hearing on discovery dispute, which Defendants failed to attend without prior notice.

Moreover, this Court entered an Order on June 9, 2021, compelling the Defendants to respond to the discovery requests no later than July 21, 2021, which Defendants have utterly ignored. Yet during this time, as Defendants failed to respond to the discovery requests, failed to comply with a number of the Court's orders, and argued that Wilkins was too unwell to participate in this litigation, Wilkins filed a redundant and incoherent motion to dismiss raising arguments that had been previously rejected in a bad-faith attempt to take a third bite at the apple and delay these proceedings. This filing not only exhibited a lack of respect for the Court's and Plaintiff's time and resources but also undermined every excuse Defendants previously used to flout the Court's rules. Defendants' refusal to comply with the Court's Order to respond to the discovery requests prejudiced Plaintiff, burdened the Court, and requires sufficient punishment to deter this conduct in the future. Consequently, the Court should grant sanctions in the form of default judgment and attorney's fees. Indeed, Defendants' disregard for Court rules and orders is precisely what the underlying case entails.

## II.   **BACKGROUND**

This case arose after Wilkins violated his professional duty to provide competent representation to Ms. Coltrane despite promising that he would help her receive justice after her son was killed in prison. Unable to obtain information about her son's death, Ms. Coltrane turned to Defendants for help in May 2010. [*See* Dkt. 1 at 1 (Compl. ¶ 2)]. In addition to making a number of misrepresentations about his own capabilities, Wilkins promised Ms. Coltrane that her

2

legal claims would be successful. [*See generally* Dkt. 1 (Compl.)]. However, instead of diligently representing Ms. Coltrane, Wilkins failed to meet several important deadlines and continued to misrepresent the viability of Ms. Coltrane's case. [*See id.* at 5-6 (Compl. ¶¶ 7, 15)]. Due to his incompetence, Ms. Coltrane's lawsuit was ultimately dismissed with prejudice, barring her from using the legal system to obtain answers or some sense of resolution surrounding her son's death. [*See id.*]. In a disciplinary hearing before the Board on Professional Responsibility Ad Hoc Heading Committee, Wilkins admitted that he failed to comply with the D.C. Rules of Professional Conduct and was ultimately suspended from the practice of law in the District of Columbia for 90 days, with 60 days stayed in favor of a one-year period of unsupervised probation. *See In re* Wilkins, 243 A.3d 866, 867 (D.C. 2021)[1]. In reciprocal disciplinary proceedings in Louisiana, Wilkins failed to file any response to the Supreme Court of Louisiana. *See In re* Wilkins, 315 So.3d 211, 211 (La. 2021)[1]. Although the Supreme Court of Louisiana noted that Wilkins became ineligible to practice in Louisiana in 2011, it ultimately imposed the same discipline imposed by the District of Columbia Court of Appeals. *Id.* at 211n.1, 212. Now, Defendants continue to harm Ms. Coltrane by missing important deadlines and acting with disregard for the Court's proceedings, just as they had done in their previous representation of her.

After Ms. Coltrane brought this legal malpractice action against Defendants, the Court ordered that the parties go to mediation. [*See* Dkt. 13 (Order of Appointment of Counsel for the Limited Purpose of Mediation)]. Morris, Manning & Martin, LLP was appointed by the Court as pro bono counsel and entered appearances for the limited purpose of the court-ordered mediation.

---

[1]     This Court is authorized to take judicial notice of publicly filed documents in related proceedings. *See Gharb v. Mitsubishi Elec. Corp.*, 148 F. Supp. 3d 44, 46n.1 (D.D.C. 2015) (citing *Lewis v. Drug Enf't Admin.*, 777 F. Supp. 2d 151, 159 (D.D.C. 2011)).

[*See* Dkt. 15 (Notice of Entry of Limited Purpose Appearance); Dkt. 16 (Notice of Entry of Limited Purpose Appearance)].

On December 14, 2020, Ms. Coltrane's counsel met with the mediator, who, after also meeting with Wilkins, suggested that the parties propound limited discovery to better evaluate potential settlement positions before scheduling the court-ordered mediation.  [*See* Decl. of Jessica A. Rodriguez ("Rodriguez Decl.") ¶¶ 3, 4].  Given the mediator's suggestion and a desire to have a productive mediation, Ms. Coltrane's counsel agreed to postpone scheduling the mediation until the parties could complete discovery.  [*See* Rodriguez Decl. ¶ 4].

On January 5, 2021, Plaintiff, through court-appointed counsel, served Defendants with discovery requests, consistent with the mediator's recommendation.  [*See id.* ¶ 5; Ex. 1].  Namely, Plaintiff served Plaintiff's First Request for Production of Documents from Defendant Vincent Wilkins, Jr. [*id.* ¶ 6; Ex. 2], Plaintiff's First Request for Production of Documents from Defendant Vincent Wilkins, Jr. and Associates [*id.* ¶ 7; Ex. 3], Plaintiff's First Set of Interrogatories to Defendant Vincent Wilkins, Jr. [*id.* ¶ 8; Ex. 4], Plaintiff's First Set of Interrogatories to Defendant Vincent Wilkins, Jr. and Associates [*id.* ¶ 9; Ex. 5], Plaintiff's First Request for Admissions from Defendant Vincent Wilkins, Jr [*id.* ¶ 10; Ex. 6], and Plaintiff's First Request for Admissions from Defendant Vincent Wilkins, Jr. and Associates [*id.* ¶ 11; Ex. 7] (collectively, the "Discovery Requests").

Plaintiff demanded that Defendants respond to the Discovery Requests within 30 days, in accordance with the Federal Rules of Civil Procedure, so the parties could move forward with a productive mediation.  [*Id.* ¶ 5; Ex. 1].  Having received no responses or objections over thirty days later, on February 8, 2021, Plaintiff followed up by both mail and e-mail to Wilkins demanding a response to the Discovery Requests by February 12, 2021.  [*Id.* ¶ 12; Exs. 8, 9].  Then,

on February 19, 2021, having still not received any responses or objections to the Discovery Requests, Plaintiff again contacted Defendants by e-mail and asked for a response to the Discovery Requests by February 26, 2021. [*See id*. ¶ 13; Ex. 10[2]]. Again, Plaintiff received no responses or objections from Defendants by the deadline. [*Id.* ¶ 14]. On March 2, 2021, Plaintiff made yet another request for responses from Defendants. [*See id.* ¶ 15; Ex. 11]. Between February 12, 2021 and March 28, 2021, Plaintiff's counsel also telephoned Wilkins to no avail. [*See id*. ¶ 17].

By the date of the mediation, March 29, 2021, Defendants not only failed to respond or object to the Discovery Requests, but Defendants failed to offer any good cause for their lack of responses. [*See id*. ¶ 19]. Given this radio silence, it was unclear whether Defendants would even participate in the mediation. [*See id.* ¶ 18]. At the mediation, Wilkins did indicate that he would not respond to the discovery as he was under no court order to do so. [*Id.* ¶ 19].

Frustrated by Wilkins' refusal to produce discovery or otherwise meaningfully participate in this litigation, Plaintiff's counsel sought leave from the Court to have a hearing on the discovery dispute and move to compel responses to the Discovery Requests. [*Id.* ¶ 20]. The Court entered a Minute Order scheduling a hearing on the discovery dispute for May 11, 2021. [Minute Order (May 7, 2021)]. Wilkins failed to appear at the May 11, 2021 hearing. [*See* Minute Entry (May 11, 2021)]. While the hearing was underway, a third party sent an *ex parte* e-mail to the Deputy Clerk on Wilkins' behalf stating that Wilkins had just been released from the hospital and requested a new date for the hearing. [Dkt. 20 at 1.]. However, understanding the circumstances surrounding the Discovery Requests, the Court ordered Defendants to respond to the Discovery Requests, provided Defendants the opportunity to seek reconsideration, and set another hearing to

---

[2]     Given undersigned counsel's understanding that the identity of the court-appointed mediator is not made known to the Court while mediation is ongoing, the mediator's identifying information has been redacted from Rodriguez Decl. ¶13; Ex. 10.

determine if the order should be modified or if sanctions were appropriate. [*See* Minute Order (May 11, 2021); Dkt. 20 at 1.]. Characteristically ignoring the deadline set by the Court, Wilkins belatedly filed a response to the Court's Minute Order and informed the Court that he intended to make an oral motion to dismiss at the next hearing, scheduled for May 21, 2021. [*See* Dkt. 17]. However, Defendants never responded to the Discovery Requests or made any attempt to confer with Plaintiff about their ability to do so. [Rodriguez Decl. at ¶ 21].

On May 20, 2021, having received notice from Wilkins that he was unable to participate in the litigation, the Court indefinitely postponed the following day's hearing until Wilkins was medically cleared to proceed. [*See* Minute Order (May 20, 2021)]. The hearing was later rescheduled for June 4, 2021. [*See* Minute Order (May 25, 2021)]. At the June 4, 2021 hearing, Defendants again failed to appear without advance notice. [*See* Minute Entry (June 4, 2021)].

On June 9, 2021, the Court ordered Defendants to comply with the requested discovery on or before July 21, 2021. [*See* Dkt. 20 at 3]. Additionally, the Court authorized Plaintiff to file a motion seeking sanctions if Defendants failed to meet the deadline set by the Order. [*Id.* at 3-4].

Although Wilkins' health problems may have excused some of his previous shortcomings in this litigation, it is clear that he has been able to respond to the Discovery Responses and participate in this litigation since at least mid-June. On June 16, 2021, over a month before the Court-imposed discovery deadline, Wilkins filed a Motion to Dismiss. [*See* Dkt. 21]. On July 14, 2021, within a week of the discovery deadline set by the Court, Wilkins filed his reply in support of his motion to dismiss. [*See* Dkt. 24]. The Motion failed to raise any arguments that have not been previously considered and rejected by this Court and contained portions which were "difficult to fathom." [Tr. of Status Conference 6:4-6, July 26, 2021]. Being well enough during that time to file two frivolous legal briefs, Wilkins cannot now claim that his health precluded him from

responding to the Discovery Requests[3].  At a bare minimum, he has demonstrated that he has been well enough to notify Plaintiff of any good cause preventing him from meeting the deadline.

After brazenly defying the Court's order to respond to the Discovery Requests by July 21, 2021, Wilkins' again thumbed his nose at the Court by failing to attend the July 26, 2021 status hearing without any advance notice.  [*See* Minute Entry (July 26, 2021)].  Defendants' failure to attend three hearings without prior notice, including this most recent hearing which addressed Wilkins' own Motion to Dismiss, can be interpreted as nothing short of a rejection of this Court's authority to hold the parties before it accountable.

Defendants' refusal to respond to the Discovery Requests or otherwise participate in this litigation has resulted in continued hardship to Ms. Coltrane that compounds the pain Defendants have already caused.  The mediator made clear to the parties that the court-ordered mediation was being delayed solely so the parties could propound discovery and obtain the information needed to have a successful mediation.  [*See* Rodriguez Decl. ¶13; Ex. 10].  Yet Defendants still refused to respond to the Discovery Requests, causing the resolution of this case to be delayed even further. Even after Plaintiff was forced to bring this discovery dispute to the Court's attention, Wilkins continued to disregard his obligations by again failing to provide advance notice when he was unable to attend hearings and defiantly refusing to produce the requested discovery despite the

---

[3]     Wilkins has claimed that he has pro bono legal counsel who ghostwrote his Motion to Dismiss and subsequent Reply due to his ongoing health issues.  [*See* Dkt. 24 (Def.'s Mem. in Reply to Pl.'s Opp'n to Def.'s Mot. to Dismiss with Prejudice) at 2].  Wilkins argues that this bars criticism of his failure to participate in these proceedings.  [*Id.*].  However, if Wilkins is receiving assistance from counsel to draft a frivolous Motion to Dismiss, then there is no reason this counsel could not assist Defendants in responding to the Discovery Requests or, at least, providing good cause for their failure to respond to the Discovery Requests and advance notice of Wilkins' inability to attend hearings.  Moreover, to the extent that he is receiving such legal assistance, that raises a whole host of potential ethical issues beyond the scope of this particular motion.  However, Plaintiff preserves the right to raise this issue in the future.

Court's order.  [*See* Tr. of Status Conference 3:6-11, July 26, 2021 ("COURT: I should say, Mr. Wilkins has apparently not shown up for today's hearing.  That's not the first time that he hasn't done so without providing advance notice to the Court.  I know he had had health issues, and maybe there is something else going on, but he has not brought it, nor anyone has brought, to the Court's attention.").  By refusing to comply with the Court's rules requiring him to cooperate with Ms. Coltrane and boldly disobeying the Court's orders, Wilkins has demonstrated that he clearly views himself to be above the law and beyond the authoritative reach of this Court.  Unfortunately, this dismissive attitude toward court proceedings is not new and is the exact reason that Ms. Coltrane was forced to bring this malpractice action against Defendants in the first place.

## III.   ARGUMENT

### A.  Sanctions are Appropriate Here Under the Applicable Legal Standard.

When parties fail to obey a court's order to provide discovery, Rule 37(b) of the Federal Rules of Civil Procedure authorizes the court to order sanctions against the disobedient party.  As a threshold matter, Rule 37(b) requires the moving party to demonstrate that (1) there is a discovery order in place, and (2) that the discovery order was violated.  Fed. R. Civ. P. 37(b); *see also Embassy of Fed. Republic of Nigeria v. Ugwuonye*, 292 F.R.D. 53, 56 (D.D.C. 2013).  When sanctions are appropriate, a court may issue default judgment against a party that has failed to comply with the court's discovery orders.  *See* Fed. R. Civ. P. 37(b)(2)(A)(vi).  District Courts have broad discretion concerning sanctions for discovery violations under Rule 37, and are not required to exhaust lesser sanctions before turning to default judgment.  *See Embassy*, 292 F.R.D. at 56.  Additionally, a court is required to order the disobedient party to pay the reasonable expenses, including attorney's fees, caused by the disobedient party's failure to comply with the court order.  *See* Fed. R. Civ. P. 37(b)(2)(C).  The Federal Rules of Civil Procedure should be "construed and administered to secure the just, *speedy*, and inexpensive determination of every

action and proceeding." Fed. R. Civ. P. 1 (emphasis added).  Sanctions for failing to comply with discovery orders under Rule 37(b) "must be applied diligently both to penalize to those whose conduct may be deemed to warrant such a sanction, and to deter those who might be tempted to such conduct in the absence of such a deterrent." *Roadway Exp., Inc. v. Piper*, 447 U.S. 752, 763-64 (1980) (quoting *Nat'l Hockey League v. Metro. Hockey Club*, 427 U.S. 639 (1976)) (internal citations and quotation marks omitted).

Default judgement is an appropriate sanction against a party who fails to obey a court's order to provide discovery.  *See* Fed. R. Civ. P. 37(b)(2)(A)(iv);  *see also Carazani v. Zegarra*, 972 F. Supp. 2d 1, 9 (D.D.C. 2013) (entering default judgment against defendant that repeatedly failed to comply with court orders, cooperate in discovery, and attend status hearings); *Embassy*, 292 F.R.D. at 58 (holding that entry of default judgment is justified against *pro se* defendant, an experienced attorney, who failed to comply with discovery orders and exhibited a disregard of his discovery obligations).  Default judgment is an important tool to achieve the orderly and expeditious disposition of cases.  *See Carazani*, 972 F. Supp. 2d at 11 (quoting *Shepard v. Am. Broad. Cos.*, 62 F.3d 1469, 1475 (D.C. Cir. 1995)).  Default judgment is the appropriate sanction when less onerous sanctions would be ineffective or obviously futile and the misconduct corresponds to the gravity of the sanction.  *See id.* at 12.  A default judgment sanction is warranted when supported by three basic justifications: (1) the disobedient party's behavior has severely hampered the other party's ability to present his case; (2) the disobedient party's behavior places an intolerable burden on a district court by requiring the court to modify its own docket and operations in order to accommodate the delay; and (3) the disobedient party's behavior is disrespectful to the court and presents the need to deter similar misconduct in the future.  *Id.* (citing *Webb v. District of Columbia*, 146 F.3d 964, 971 (D.C. Cir. 1998)).

In addition to or in place of other sanctions authorized by Rule 37, the Court is required to order a party who disobeys its discovery orders to pay the reasonable expense, including attorney's fees, caused by the disobedient party's failure to comply with the Court's order.  *See* Fed. R. Civ. P. 37(b)(2)(C).  In addition to their authority under the Federal Rules, federal courts also possess the inherent power to assess attorney's fees against parties that have willfully disobeyed a court order or acted in bad faith, vexatiously, wantonly, or for oppressive reasons in their conduct of the litigation.  *See Roadway*, 447 U.S. at 765-66 (holding that the general rule preventing a litigant from recovering attorney's fees does not apply when the opposing party has acted in bad faith). Defendants may not avoid sanctions for their conduct simply because the opposing party had the benefit of pro bono counsel.  *See Malede v. D.C. Jail Facility*, 252 F.R.D. 63 (D.D.C. 2008) (holding that pro bono counsel's hourly rate of $295 was reasonable and plaintiff was entitled to reimbursement for total hours that counsel expended preparing for scheduled deposition and hours preparing motion to compel).

### B. Sanctions are Appropriate under Rule 37(b) Because Defendants Have Violated Two Court Orders Compelling Discovery.

Sanctions under Rule 37(b) are appropriate given Defendants' disobedience of two court orders compelling discovery.  This Court has twice compelled Defendants to comply with the discovery requests: first on May 11, 2021 [*see* Minute Order (May 11, 2021)], and again on June 9, 2021 [*see* Dkt. 20 at 3-4].  The latest order required Defendants to comply with the Discovery Requests by July 21, 2021, and granted Ms. Coltrane leave to seek sanctions in the event Defendants failed to meet that deadline.  [*See* Dkt. 20 at 3-4; *see also* Tr. of Status Hearing 5:17-18, July 26, 2021].  However, Defendants have yet to comply with the Discovery Requests or provide good cause for this failure.  [*See* Rodriguez Decl. ¶ 22].  As a result, this Court may, in its discretion, order sanctions and attorney's fees for consequences of bad-faith conduct against

Defendants and must enter an award of attorney's fees covering the reasonable expenses caused by this discovery dispute. *See* F.R.C.P. 37(b)(2); *see also Embassy*, 292 F.R.D. at 56-57.

### C. Default Judgment is an Appropriate Sanction Given Defendants' Blatant Disregard for the Court's Rules and Orders.

Defendants' repeated disobedience of the Court's rules and orders clearly warrants Rule 37 sanctions. Default judgment is the appropriate sanction here, where anything less than default judgement would be ineffective and futile and Defendants' disrespectful approach to these proceedings has repeatedly prohibited the orderly and expeditious resolution of this case. *See Carazani*, 972 F. Supp. 2d at 11-12. Default judgment is justified by Defendants' behavior, which (1) has severely hampered Plaintiff's ability to pursue her case, (2) has placed an intolerable burden on this Court by requiring it to modify its own docket and operations to continue to accommodate Defendants' delays, and (3) is disrespectful to the Court and presents the need to deter similar misconduct in the future. *See id.* at 12.

*First*, Defendants have severely hampered Ms. Coltrane's ability to pursue her case by refusing to respond to her discovery requests, refusing to comply with the Court's order regarding Mediation at the outset and then failing to comply with the Court's Orders to respond to discovery, and by refusing to respond to any of Ms. Coltrane's counsel's efforts to communicate. After propounding discovery on January 5, 2021 [*see* Rodriguez Decl. ¶¶ 5-11; Exs. 1-7], Ms. Coltrane's counsel made numerous attempts by mail, e-mail, and telephone to confer with Defendants about their failure to meet discovery deadlines before bringing this matter before the Court [*see id.* ¶¶ 12,13,15, Exs. 8-11]. Defendants never responded. [*See id.* ¶ 12]. Likewise, since bringing the discovery dispute before the Court nearly three months ago on May 11, 2021, Defendants have continued to be totally unresponsive. [*See id.* ¶¶ 21-23]. Defendants not only have been unresponsive to Ms. Coltrane, but they have been equally unresponsive to the Court as they failed

11

to appear at three status hearings without advance notice.  [*See* Minute Entry (May 11, 2021); Minute Entry (June 4, 2021); Minute Entry (July 26, 2021); *see also* Dkt. 20].  Without responding to Ms. Coltrane's discovery requests or making even the most basic attempts to communicate, Defendants have severely hampered Ms. Coltrane's ability to pursue her case.  *See Carazani*, 972 F. Supp. 2d at 14 ("Without responding to the plaintiff's discovery requests or basic attempts at communication, the defendant has severely hampered the plaintiff's ability to present her case."); *Embassy*, 292 F.R.D. at 58 (holding that default judgment was justified where defendant's responses to plaintiff's discovery requests were insufficient for plaintiff to build its case).

*Second*, Defendants' defiance of its obligations under this Court's orders has prolonged this case and placed a burden on the Court.  This case has been ongoing for over a year and a half. [*See* Dkt. 1].  It has been nearly a year since Defendants were ordered to engage in a meaningful mediation [*See* Minute Entry (May 22, 2020)] and over six months since they received the Discovery Requests [*See* Rodriguez Decl. ¶5; Ex. 1].  Defendants were first ordered to comply with the Discovery Requests nearly three months ago [*See* Minute Order (May 11, 2021)].  Yet, Defendants have made no effort to respond to *any* of the Discovery Requests [ *See* Rodriguez Decl. ¶ 23].  Infuriatingly, however, Defendants have since filed an incoherent and frivolous motion to dismiss, which the Court denied, recognizing that "this motion doesn't raise anything that's not previously been considered and rejected, and, frankly, portions of it are difficult to fathom.  [Tr. of Status Hearing 6:4-6, July 26, 2021].  Wilkins' motion to dismiss contained nothing more than a passing reference to subject-matter jurisdiction [*see id.* at 6:12-17], a passing reference to personal jurisdiction [*id.* at 6:19-22, 7:4-8], and a statute of limitations argument based on nothing "other than his own say-so" [*id.* at 7:19-21].  Defendants' filings make clear that their failure to respond to the Discovery Requests stems from insolence, not inability.  As a result, this Court has

been forced to hold status hearings that Defendants failed to attend without prior notice, enter orders which Defendants ignored, and listen to the same arguments month after month regarding Defendants' defiance.  This Court should no longer allow the case to be delayed to Defendant's benefit.  *See Carazani*, 972 F. Supp. 2d at 14-15 (entering default judgment as a discovery sanction where defendant failed to meet court-imposed deadlines and caused undue delay).

*Third*, Defendants' conduct, as detailed above, is a clear demonstration of disrespect for the Court that must be punished to deter similar misconduct in the future.  Despite two court orders to comply with the Discovery Requests [*see* Minute Order (May 11, 2021); Dkt 20 at 3], Defendants remain unencouraged to comply with their discovery obligations.  Although proceeding *pro se* in this matter, Wilkins is an attorney with decades of experience who should understand the importance of complying with court orders.  *See Embassy*, 292 F.R.D. at 59 (holding that default judgment was a necessary sanction to deter *pro se* party who was an experienced attorney in order to prevent future misconduct).  Moreover, Associates, which is also a defendant, has not filed an Answer to the Complaint, responded to the Discovery Requests, or otherwise participated in this litigation.

The need for default judgment in this case is only compounded by the fact that this is not new behavior.  Defendants exhibited the same disrespect for the courts when representing Ms. Coltrane in the underlying representation by repeatedly missing deadlines that resulted in Ms. Coltrane's claim being dismissed with prejudice.  [*See* Dkt. 1 at 5-6 (Complaint ¶¶ 7, 15)].  Despite being disciplined and suspended from practicing law in two jurisdictions due to his failure to comply with court orders and rules, (*see In re* Wilkins, 243 A.3d 866 (D.C. 2021); *In re* Wilkins, 315 So.3d 211 (La. 2021)), Wilkins continues to thumb his nose at this Court's orders.  Given these facts, it is clear that any lesser sanction would fail to induce Defendants to comply with the

Court's orders, leaving both this Court and Ms. Coltrane trapped in an endless cycle of demand letters, unattended hearings, and orders to compel. Consequently, default judgment is the appropriate sanction. *See Carazani*, 972 F. Supp. 2d at 15 (entering default judgment as a discovery sanction where defendant's defiance of three court orders and discovery obligations demonstrated a disrespect for the Court and a need to deter similar misconduct in the future); *Embassy*, 292 F.R.D. at 59 (holding that default judgment was justified where court previously granted a number of extensions to deadlines and plaintiff still remained noncompliant).

During the litigation of Plaintiff's underlying case, Defendants repeatedly advised Plaintiff that her case was valued in excess of one million dollars and that Defendants would be successful in recovering that amount. [*See, e.g.,* Dkt. 1 at 11 (Complaint Ex. C)]. Therefore, having established that default judgment is warranted, it may be reasonable for the Court to enter judgment in the amount that Defendants themselves calculated as Plaintiff's damages in the underlying case. Alternatively, Plaintiff requests that the Court enter a judgment against Defendants and in favor of Plaintiff and allow Plaintiff to thereafter establish the amount of damages at an evidentiary hearing.

### D.  Plaintiff is Entitled to Reasonable Attorney's Fees as Additional Sanctions.

Here, where Defendant disobeyed the Court's discovery orders, the Court must order Defendants to pay the reasonable expense, including attorney's fees, caused by their failure to comply with the Court's orders. Fed. R. Civ. P. 37(b)(2)C). Additionally, this Court should use its inherent power to assess attorney's fees against parties who have conducted litigation in bad faith to order Defendants to pay for the time and expense incurred due to their vexatious and dilatory conduct throughout this entire litigation. *See Roadway*, 447 U.S. at 765-66 (holding that the general rule preventing a litigant from recovering attorney's fees does not apply when the opposing party has acted in bad faith). Because of Defendant's refusal to respond to the Discovery Requests in accordance with this Court's rules and orders, Plaintiff has had to prepare for and

attend a doomed Court Ordered Mediation, fruitless status hearings, as well as draft and file this motion. In addition, Wilkins' bad-faith and insufficient motion to dismiss, which gave him "three bites at the apple at this point on the motion to dismiss stage," [Tr. of Status Hearing 8:10-11, July 26, 2021], caused Plaintiff to incur expenses preparing and filing an opposition.

Here, the Court ordered mediation and Ms. Coltrane sought reasonable discovery focused on the issues that would arise at mediation. [*See, e.g.,* Rodriguez Decl. ¶¶ 4, 5]. Not only did Defendants fail to respond to any of the Discovery Requests, but they never objected or otherwise conferred with Ms. Coltrane about the Discovery Requests. [*See id.* ¶ 12-14]. Shortly thereafter, the Court issued an order compelling Defendants to respond to the Discovery Requests [Min. Order, May 11, 2021], but Defendants still failed to respond [*See* Rodriguez Decl. ¶ 23]. Accordingly, Plaintiff spent time (a) propounding the discovery, (b) preparing for and attending the mediation, (c) seeking the Court's involvement after the fruitless mediation, (d) attending three status conferences, which all went unattended by Defendants, (e) preparing and filing an opposition to the frivolous motion to dismiss, and (f) preparing and filing this motion. In addition, in the midst of Defendants' dilatory conduct , Plaintiff was forced to respond to Defendants' bad-faith Motion to Dismiss which was nearly the definition of frivolous and vexatious as it was duplicative of the prior motion to dismiss and motion for reconsideration and largely unintelligible.

Counsel for Plaintiff has expended 243.4 hours in conjunction with the court-ordered mediation, the mediation focused limited discovery, unsuccessful attempts to communicate with Defendants, attendance at three hearings in which Defendants failed to appear, responding to the frivolous motion to dismiss, and the preparation of this present motion. [*See* Rodriguez Decl. ¶ 24]. Although undersigned court-appointed counsel's normal rates are higher, Plaintiff is entitled

15

to sanctions at a reduced reasonable rate of $250 an hour sanctions in the amount of $60,850 is appropriate.

## IV.   <u>CONCLUSION</u>

Throughout this litigation, Defendants have shown a callous disregard for the time and resources of both Plaintiff and the Court.  The total refusal to participate in the court-ordered mediation and its discovery process as well as the frivolous second motion to dismiss were all calculated to delay this proceeding and once again prevent Ms. Coltrane from getting her day in Court.  Because Defendants have, in bad-faith, violated two orders compelling Defendants to comply with the Discovery Requests and conducted themselves in a frivolous and vexatious manner throughout this entire litigation, the Court should enter default judgement and attorney's fees against Defendants as sanctions in accordance with Fed. R. Civ. P. 37(b)(2)(A)(iv), Fed. R. Civ. P. 37(b)(2)(C), and its inherent power as confirmed in *Roadway*, 447 U.S. at 765-66.

WHEREFORE, Defendant respectfully requests that the Court grant Plaintiff's Motion for Sanctions, enter default judgment against Defendants in the amount of $1,000,000 or, alternatively, an amount to be determined after judgment, award Plaintiff attorney's fees in the amount of $60,850, and grant any additional relief which is deemed to be just and proper.

Dated:  July 30, 2021                    Respectfully submitted,

                                         **MORRIS, MANNING & MARTIN, LLP**

                                         */s/ Bonnie Hochman Rothell*
                                         Bonnie Hochman Rothell
                                            (D.C. Bar No. 421606)
                                         Jessica A. Rodriguez
                                            (D.C. Bar No. 1024134)
                                         1401 Eye Street, NW, Suite 600
                                         Washington, D.C. 20005
                                         Phone: (202) 408-5153
                                         Fax:    (202) 408-5146
                                         bhrothell@mmmlaw.com
                                         jrodriguez@mmmlaw.com

                                         *Counsel for Plaintiff Mary L. Coltrane*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on July 30, 2021, I caused the foregoing Plaintiff's Motion for Sanctions and Statement of Points and Authorities in Support of Plaintiff's Motion for Sanctions, as well as the attached [Proposed] Order Granting Plaintiff's Motion for Sanctions and the Declaration of Jessica A. Rodriguez in Support of Plaintiff's Motion for Sanctions  including the exhibits referenced therein to be served upon the following by electronic delivery through the Court's ECF program and by first-class mail:

> Vincent Wilkins, Jr.
> 1408 Canadian Geese Court
> Upper Marlboro, MD, 20774
>
> Vincent Wilkins, Jr., & Associates
> Attorneys at Law
> 1629 K St., N.W., Suite 300
> Washington, D.C. 20006

A courtesy copy has also been delivered to the following by electronic mail:

> Robert C. Fisher
> Circuit Mediator, U.S. Courts for the D.C. Circuit
> E. Barrett Prettyman United States Courthouse
> 333 Constitution Avenue, NW
> Room 5732
> Washington, D.C.  20001
> Robert_Fisher@cadc.uscourts.gov

> */s/ Bonnie Hochman Rothell*
> Bonnie Hochman Rothell

1