**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| |
|---|
| MARY L. COLTRANE, |
| *Plaintiff*, |
| v. |
| VINCENT WILKINS JR., *et al.*, |
| *Defendants*. |

Civil Action No. 20-22 (RDM)

## MEMORANDUM OPINION AND ORDER

In this diversity action, Plaintiff Mary Coltrane alleges that Defendant Vincent Wilkins

Jr. and his law firm, Vincent Wilkins, Jr., & Associates, committed legal malpractice, breach of

contract, fraud, and negligence in the course of representing Plaintiff in a lawsuit in federal court.

*See* Dkt. 1 (Compl.).  Over the course of this litigation, serious questions have arisen as to

Defendant's willingness to cooperate in discovery and to comply with the Court's orders: to date,

Defendant has failed to appear at three hearings without advanced notice and has ignored two

Court orders compelling discovery.  In light of these lapses, Plaintiff moves for sanctions against

Defendant in the form of entry of a default judgment and an award of attorney's fees.  Dkt. 26.

For the reasons stated below, the Court will **GRANT** in part and **DENY** in part Plaintiff's

motion.

## I.  BACKGROUND

On January 6, 2020, Plaintiff, proceeding *pro se*, filed the present action, asserting claims

of legal malpractice, breach of contract, fraud, and negligence against Defendant Vincent

Wilkins, Jr., and his law firm, Vincent Wilkins, Jr., & Associates.[1]  Dkt. 1 (Compl.).  On

February 8, 2020, Defendant Wilkins, also proceeding *pro se*, moved for summary judgment,

asserting that Plaintiff's claim was barred by the statute of limitations, Dkt. 5 at 2.  On February

12, 2020, the Court denied Defendant's motion for failing "to cite to any competent record

materials in support of the motion," as required by Federal Rule of Civil Procedure 56(c)(1)(A),

and failing to "participate in a pre-motion conference prior to filing motions for summary

judgment," as required by the Court's standing order.  Min. Order (Feb. 12, 2020).

On May 22, 2020, the parties appeared for a status conference, at which the Court

ordered Defendants to respond to the complaint by June 2, 2020, and referred the case to a

magistrate judge assigned at random for mediation.  Min. Entry (May 22, 2020).  Defendant

Wilkins filed his answer, Dkt. 8, and a motion to dismiss, Dkt. 9; *see also* Dkt. 10, 28 days late,

on June 30, 2020.  In a one-page supplemental memorandum, Defendant asserted in conclusory

fashion that the Court lacked subject matter jurisdiction over the dispute, that venue was

improper, that Plaintiff's action was barred by the statute of limitations, and that Plaintiff had

failed to state a claim for which relief can be granted.  Dkt. 10 at 1.

The following day, the Court denied Defendant's motion to dismiss in a minute order,

explaining (1) that the Court appeared to have "diversity jurisdiction . . . based on Plaintiff's

residence in Washington, D.C., Defendant's residence in Maryland, and Defendant's status as

sole owner of the unincorporated Defendant Vincent Wilkins, Jr., & Associates" and (2) that

venue was proper in the District of Columbia because "the action concerns legal representation

---

[1] Defendant Vincent Wilkins, Jr., & Associates, which appears to be an unincorporated law firm whose sole owner is Defendant Wilkins, *see* Min. Order (July 1, 2020), has not appeared in the case, and the parties dispute whether it is a standalone legal entity susceptible to suit.  *See* Dkt. 28 at 6; Dkt. 29 at 4 n.2; *see also* Dkt. 25 at 8–9; Min. Order (Feb. 12, 2020).

that Defendant allegedly provided Plaintiff from his law office located in Washington, D.C. in another case" in the District of Columbia.  Min. Order (July 1, 2020) (citation omitted).  Having assured itself that both jurisdiction and venue were proper, the Court denied Defendant's motion "because neither [the motion to dismiss] nor the supplemental memorandum contain any legal or any factual argument."  *Id.*

Defendant moved for reconsideration on July 24, 2020, this time providing some (limited) factual and legal argument to support his statute of limitations defense.  Dkt. 12.  The Court nevertheless denied the motion, declining to dismiss the complaint on statute of limitations grounds because Defendant had failed to show that Plaintiff's "claim [was] time-barred on the face of the complaint."  Min. Order (Aug. 5, 2020) (quoting *Logan v. LaSalle Bank Nat'l Ass'n*, 80 A.3d 1014, 1020 (D.C. Ct. App. 2013)).  In doing so, however, the Court took no view on whether Defendant's statute of limitations defense would ultimately succeed at later stages in the litigation.

On October 28, 2020, Magistrate Judge Robin Meriweather, to whom the case had been referred for mediation, entered an order referring the case to the Office of the Chief Circuit Mediator and appointing Plaintiff *pro bono* counsel for the limited purpose of mediation.  *See* Dkt. 13.  *Pro bono* counsel appeared in the case on November 24, 2020, Dkt. 15, and November 30, 2020, Dkt. 16.

On December 14, 2020, the parties met with the court-appointed mediator, who suggested that they propound limited discovery to better evaluate potential settlement positions before scheduling mediation.  *See* Dkt. 26 at 10; Dkt. 26-2 at 1 (Rodriguez Decl. ¶¶ 3, 4).  On January 5, 2021, Plaintiff served Defendants with a request for production of documents, a set of interrogatories, and a request for admissions, Dkt. 26 at 10; Dkt. 26-2 at 2 (Rodriguez Decl.

¶¶ 5–11), and demanded a response within thirty days, Dkt. 26 at 10.  Defendant failed to respond, and Plaintiff followed up by both mail and email on February 8, 2021, requesting a response by February 12.  Dkt. 26 at 10; Dkt. 26-2 at 2–3 (Rodriguez Decl. ¶ 12).  Defendant once again did not respond, and Plaintiff followed up again on February 19, 2021, and March 2, 2021, to no avail.  Dkt. 26 at 10–11; Dkt. 26-2 at 3 (Rodriguez Decl. ¶¶ 13–15).

The parties attended a mediation session on March 29, 2021, where Defendant explained that he would not respond to Plaintiff's discovery requests because he was under no court order to do so.  Dkt. 26 at 11; Dkt. 26-2 at 3–4 (Rodriguez Decl. ¶ 19).  Following that revelation, Plaintiff contacted the Court to schedule a hearing on the parties' discovery dispute.  Dkt. 26 at 11; Dkt. 26-2 at 4 (Rodriguez Decl. ¶ 20).

The Court held a hearing on the dispute on May 11, 2021.  Defendant did not appear. While the hearing was underway, a third party sent an *ex parte* email on Defendant's behalf to the Deputy Clerk, asserting that Defendant had just been released from the hospital and requesting a new date for the hearing.  *See* Min. Entry (May 11, 2021).  The Court ordered the parties to proceed with discovery in aid of mediation and directed Defendant to respond promptly to the pending discovery requests.  Min. Order (May 11, 2021).  The Court explained that because Defendant was not present at the hearing, it would allow him to seek reconsideration of the Court's order by May 18, 2021.  The Court cautioned, however, that any motion for reconsideration should be accompanied by a sealed filing documenting Defendant's hospitalization and release date.  *Id.*  The Court directed the parties to appear for a rescheduled hearing on May 21, 2021.  *Id.*

The Court did not receive any communication from Defendant by the May 18, 2021 deadline.  However, on May 20, 2021, Defendant's spouse submitted an *ex parte* email to the

4

Deputy Clerk, informing the Court that Defendant had returned to the hospital on May 18, 2021, and including a note from his doctor, dated May 19, 2021, stating that Defendant "is hospitalized under my care" and, "hence, he cannot function in his normal capacity until further notice."  Dkt. 18.  On May 20, 2021, the Court entered a minute order explaining that it had received notice from Defendant's doctor that he was, at that time, unable to participate in the litigation.  Min. Order (May 20, 2021).  The Court, accordingly, vacated the hearing set for May 21, 2021, "to be rescheduled when Defendant is medically cleared to proceed."  *Id.*[2]

The next day, on May 21, 2021, the Clerk's Office entered on the docket a response from Defendant regarding the Court's order of May 11, 2021.  Dkt. 17.  Although the response was docketed on May 21, 2021, it was stamped "received" by the Clerk's Office on May 19, 2021. *Id.* at 1.  In this response, Defendant detailed his medical condition and notified the Court that he intended to "make an oral motion to dismiss this case" at the hearing on May 21, 2021.  *Id.* at 3. Also on May 21, 2021, Plaintiff's counsel sent an *ex parte* email to the Deputy Clerk, stating that Plaintiff interpreted Defendant's filing, Dkt. 17, to mean that he desired to move forward with the hearing.  The Court, in turn, ordered the parties to consult with the Deputy Clerk as to the Court's calendar and to propose a time for a further telephonic hearing.  Min. Order (May 24, 2021).  The Court also docketed Defendant's doctor's note under seal at that time.  Dkt. 18.  On May 25, 2021, the Court ordered the parties to appear for a telephonic status conference on June 4, 2021.  Min. Order (May 25, 2021).  Although the Court was under the impression that both parties had confirmed this date, the Court later discovered that in fact only Plaintiff conferred with the Deputy Clerk; Defendant had never contacted the Deputy Clerk, as directed.

---

[2]  At the time the Court entered this order, the doctor's note was not filed on the docket.

Defendant failed to appear at the hearing on June 4, 2021.  On June 9, 2021, the Court received a response from Defendant to the Court's order of May 25, 2021, explaining that he had not participated in the consultation with the Deputy Clerk regarding scheduling.  Dkt. 19 at 1. Defendant "estimate[d] that" he would be able to participate in hearings "by the middle of July 2021[.]"  *Id.*  Defendant's response also moved for a continuance of the June 4, 2021 hearing. Defendant's response is dated "June 2, 2021" and, even if it was mailed from Upper Marlboro, Maryland on that date, Defendant—an experienced lawyer—could have easily anticipated, it would not be received until after the June 4 hearing.  Defendant did not telephone or email the Court to indicate that he would be unable to attend the June 4, 2021 hearing.

The Court documented these scheduling difficulties in an Order dated June 9, 2021.  *See* Dkt. 20.  In that Order, the Court observed that "there is no indication that Defendant is not receiving docket notifications in this litigation[]" since "[t]he Clerk's Office, which mails Defendant hard copies of the docket entries in this case, has received no returned mail."  Dkt. 20 at 3.  As a result, the Court concluded that it was "appropriate to set deadlines for discovery and a further hearing for a future date, allowing Defendant enough time to receive the notice and notify the Court if he needs to reschedule."  *Id.*  The Court, accordingly, ordered Defendant to comply with Plaintiff's discovery requests on or before July 21, 2021, and permitted Plaintiff to file a motion seeking sanctions if Defendant failed to produce the requested discovery by that date without showing good cause for failing to do so.  Dkt. 20 at 3–4.  The Court also rescheduled the hearing on the discovery dispute for July 26, 2021, and ordered the Defendant to "notify the Court and opposing counsel as soon as possible, in advance of the hearing" if he could not attend.  Dkt. 20 at 4.

On June 21, 2021, Defendant filed a third motion to dismiss, Dkt. 21, reiterating many of the same arguments that the Court had already considered and rejected previously, Dkt. 25 at 6. Plaintiff filed her opposition on July 1, 2021, Dkt. 23, and Defendant filed his reply on July 14, 2021, Dkt. 24.

Even though Defendant filed two briefs in the intervening period—one a week before the Court's deadline—the July 21, 2021 discovery deadline came and went without Defendant either responding to Plaintiff's discovery requests or providing the Court timely notice of his inability to do so for good cause.  Defendant once again failed to appear at the July 26, 2021 hearing without any advanced notice.  At that hearing, the Court orally denied Defendant's motion to dismiss on the record, concluding that the "motion doesn't raise anything that's not previously been considered and rejected" and that Defendant's arguments raised factual disputes that were inappropriate at the motion to dismiss stage.  Dkt. 25 at 6–7.

As a result of Defendant's failure to appear and failure to comply with the Court's order compelling discovery, the Court permitted Plaintiff to file a motion for sanctions, Dkt. 25 at 5, 9, as it had warned Defendant it would do in its June 9, 2021 Order, Dkt. 20 at 4.  Plaintiff filed that motion on July 30, 2021, seeking default judgment and attorney's fees as discovery sanctions. Dkt. 26.  The Court ordered Defendant to submit an opposition brief, Dkt. 27, which he did on August 16, 2021.  Dkt. 28.  Plaintiff filed her reply on August 23, 2021.  Dkt. 29.  The motion is now ripe for consideration.

## II.  LEGAL STANDARD

Federal Rule of Civil Procedure 37 provides courts with the tools to compel discovery and to sanction those who resist the Court's orders.  Under Rule 37(b), the Court may impose sanctions on a party who "fails to obey an order to provide or permit discovery," including an

order on a motion to compel.  Fed. R. Civ. P. 37(b)(2)(A).  The rule "requires the moving party

to demonstrate . . . (1) [that] there is a discovery order in place, and (2) that the discovery order

was violated." *Embassy of Fed. Republic of Nigeria v. Ugwuonye*, 292 F.R.D. 53, 56 (D.D.C.

2013).  If these requirements are met, the court may order such sanctions it deems to be "just"

under the circumstances, including but not limited to (1) "directing that the matters embraced in

the order or other designated facts be taken as established for purposes of the action;" (2)

"prohibiting the disobedient party from supporting or opposing designated claims or defenses;"

(3) "striking [the] pleadings in whole or in part;" (4) "staying further proceedings until the order

is obeyed;" (5) "dismissing the action or proceeding in whole or in part;" (6) "rendering a default

judgment against the disobedient party;" or (7) "treating as contempt of court the failure to obey"

the order.  Fed. R. Civ. P. 37(b)(2)(A).  Moreover, "[i]nstead of or in addition to the[se] orders,"

the Court "must order the disobedient party, the attorney advising that party, or both to pay the

reasonable expenses, including attorney's fees, caused by the failure" to obey the Court's

discovery orders, unless the Court determines that the party's failure was "substantially justified

or other circumstances make an award of expenses unjust."  Fed. R. Civ. P. 37(b)(2)(C).

District courts have broad discretion to issue discovery sanctions under Rule 37.  *Bonds

v. District of Columbia*, 93 F.3d 801, 807 (D.C. Cir. 1996).  At the same time, "any sanction"

issued under the Rule 37 "must be just" and "guided by the concept of proportionality."  *Id.* at

808 (quotation marks omitted).  The D.C. Circuit has cautioned, moreover, that default judgment

should be a "sanction of last resort," only to be used when "less onerous methods" obviously

would prove futile or ineffective, although the Court need not exhaust lesser sanctions if the

circumstances merit a default.  *Webb v. District of Columbia*, 146 F.3d 964, 971 (D.C. Cir. 1998)

(quotation marks omitted).

### III.  ANALYSIS

Plaintiff's motion seeks default judgment and attorney's fees as discovery sanctions against both Defendant Vincent Wilkins Jr. and Defendant Vincent Wilkins, Jr., & Associates. Upon consideration of the parties' arguments and the circumstances of the case, the Court will grant in part Plaintiff's request for attorney's fees with respect to Defendant Vincent Wilkins but will deny the motion in all other respects—at least for the time being.

As an initial matter, the parties dispute whether Defendant Vincent Wilkins, Jr., & Associates—the law office under which Defendant Wilkins allegedly held himself out to Plaintiff—exists as a legal entity separate from Defendant Wilkins, such that it may properly be named as a defendant in this case.  *See* Dkt. 28 at 6; Dkt. 29 at 4 n.2.  The Court need not decide that issue now, however, because only Defendant Wilkins has appeared in this case and thus, as a technical matter, the Court's discovery orders applied only to him.  *See* Min. Order (May 11, 2021) (ordering that "*Defendant* shall promptly respond to the discovery filed to date" (emphasis added)); Dkt. 20 at 3 (directing "*Defendant*" to "comply with [the] discovery filed to date" (emphasis added)).  Therefore, only Defendant Wilkins has failed to comply with the Court's orders.  The Court, accordingly, will deny Plaintiff's motion for discovery sanctions with respect to Vincent Wilkins, Jr., & Associates.  To the extent that Vincent Wilkins, Jr., & Associates does, in fact, exist as a standalone legal entity and has properly been served in this case, the appropriate course is for Plaintiff to pursue an entry of default and default judgment using the procedures outlined in Federal Rule of Civil Procedure 55.

That brings the Court to Plaintiff's request for an entry of default judgment against Defendant Wilkins.  The D.C. Circuit has set forth "three basic justifications [to] support the use of dismissal or default judgment as a sanction for misconduct."  *Webb*, 146 F.3d at 971; *see also*

*Shea v. Donohoe Constr. Co.*, 795 F.2d 1071, 1077 (D.C. Cir. 1986).  First, the Court "may decide that the errant party's behavior has severely hampered the other party's ability to present [her] case."  *Webb*, 146 F.3d at 971.  Second, the Court "may take account of the prejudice caused to the judicial system when the party's misconduct has put 'an intolerable burden on a district court by requiring the court to modify its own docket and operations in order to accommodate the delay.'"  *Id.* (quoting *Shea*, 795 F.2d at 1075).  And third, the Court "may consider the need 'to sanction conduct that is disrespectful to the court and to deter similar misconduct in the future.'"  *Id.* (quoting *Shea*, 795 F.2d at 1077).  A default judgment ordered "pursuant to any of these considerations must be based on findings supported by the record."  *Id.* (citing *Bonds*, 93 F.3d at 809).

Plaintiff contends that default judgment is merited because Defendant has "disobe[yed] . . . two court orders compelling discovery" and has failed to "provide good cause for [his] failure" to comply with the Court's July 21, 2021 deadline. Dkt. 26 at 16.  Plaintiff analogizes this case to *Embassy of the Federal Republic of Nigeria v. Ugwuonye*, in which this Court entered default judgment against an experienced attorney, proceeding *pro se*, for failing to comply with discovery orders, 292 F.R.D. at 58, and to *Carazani v. Zegarra*, in which this Court similarly entered default judgment against a defendant who "repeatedly failed to obey court orders to provide or permit discovery," 972 F. Supp. 2d 1, 13 (D.D.C. 2013).  Dkt. 26 at 15. Tracking *Webb*'s justifications for default judgment, Plaintiff argues that Defendant's failure to respond to her discovery requests has "severely hampered [her] ability to pursue her case" and stymied her efforts at mediation. Dkt. 26 at 16–17.  Plaintiff also asserts that Defendant's conduct has "prolonged this case and placed a burden on the Court." *Id.* at 18.  She points out that, at the time of her motion in July 2021, the case had been pending "for over a year and a

half," and it had been "nearly a year since Defendants were ordered to engage in a meaningful mediation" and three months since Defendant was ordered to comply with Plaintiff's discovery requests, during which time the only action Defendant took in the case was to file a redundant motion to dismiss. *Id.* Moreover, Plaintiff argues, the Court "has been forced to hold status hearings that Defendants failed to attend without prior notice, enter orders which Defendants ignored, and listen to the same arguments month after month regarding Defendants' defiance." *Id.* at 18–19. Finally, Plaintiff maintains that default judgment is necessary to deter similar conduct in the future because "Wilkins is an attorney with decades of experience who should understand the importance of complying with court orders." *Id.*

Much of Defendant's opposition brief is off topic and beside the point. He reiterates his statute of limitations defense, Dkt. 28 at 4, which the Court has already rejected twice at the motion to dismiss stage. Defendant also raises a number of objections to Plaintiff's discovery requests. *Id.* at 4, 7–8. However, the time to object to Plaintiff's requests has come and gone, and, in any case, briefing on a motion for sanctions is not the proper forum through which to do so. Defendant does briefly address the merits of Plaintiff's sanctions motion: he asserts that "he has responded in good faith and to the best of his ability, given his medical incapacitation" and states that he "has not been able, due to extremely poor health and the disorientation caused by medications, to participate in any of the pre-trial conferences." *Id.* at 4. And, although Defendant acknowledges that he has filed "moving papers" during the period in question, he explains (somewhat concerningly) that "a former colleague" has been "giving him *pro bono* assistance and drafting" the briefs (which Defendant has then filed and signed under his own name, *see* Dkt. 21 at 4–5; Dkt. 24 at 4; Dkt. 28 at 9). Dkt. 28 at 5; *see also id.* at 10–11 (Wilkins Decl. ¶ 8) ("The . . . motion to dismiss filed by me in June of 2020 was done while in medical

distress.")  Defendant has also submitted a declaration in which he attests to two hospital admissions spanning May 6 to May 9, 2021, and May 18 to May 21, 2021; a surgical procedure on June 15, 2021; and a then-planned surgical procedure on August 12, 2021.  Dkt. 28 at 10 (Wilkins Decl. ¶¶ 4–7).

Although Plaintiff raises substantial concerns about Defendant's respect for this Court's orders and the resulting damage that Defendant's failure to respond has done to Plaintiff's ability to pursue her case, the Court is mindful of the D.C. Circuit's admonishment that default judgment is serious medicine and thus should only be used as a "last resort" when "less onerous methods . . . will be ineffective or obviously futile."  *Webb*, 146 F.3d at 971.  The question is a somewhat close one, but on this record, the Court concludes that the circumstances of this case do not yet merit the drastic remedy of default judgment.

Defendant has attested, under penalty of perjury, that a health condition he suffered beginning in May 2021 has caused him pain and discomfort and resulted in two hospitalizations in May, a surgery in June, and a planned second surgery in August 2021.  Dkt. 28 at 10 (Wilkins Decl. ¶¶ 4–7).  Crucially, this period roughly coincides with the Court's first order compelling discovery on May 11, 2021, the Court's second order compelling discovery on June 9, 2021, and the three hearings Defendant missed, without advanced notice, on May 11, 2021, June 4, 2021, and July 26, 2021.

Plaintiff analogizes this case to *Ugwuonye* and *Carazani*, *see* Dkt. 26 at 15, but both cases are distinguishable from the circumstances here.  Neither involved a situation where the party that failed to comply with court orders suffered medical emergencies that, at least partly, affected his ability to litigate the case.  Moreover, in *Ugwuonye*, the Court had previously sanctioned the defendant to no avail.  292 F.R.D. at 59.

This is not to say, of course, that Defendant is absolved of all responsibility for his failure to respond to the Court's orders on May 11, 2021, and June 9, 2021, and his failure to appear at the status conferences on May 11, 2021, June 4, 2021, and July 26, 2021.  For one, at least on the present record, the Court is unconvinced that Defendant's health condition is so debilitating that it reasonably prevented him from responding to Plaintiff's discovery requests sometime during the seventy-one days between the Court's first order on May 11, 2021, and the second order's deadline of July 21, 2021.  Defendant attests only that he was hospitalized between May 6 and May 9, 2021, and again between May 18 and May 21, 2021, though he states that he was in "extreme pain and disorientation" between those hospitalizations.  Dkt. 28 at 10 (Wilkins Decl. ¶¶ 4–5).  Thus, Defendant's failure to appear at the May 11, 2021 conference is excusable. Defendant did notify the Court that he had been hospitalized in advance of the May 21, 2021 hearing, which prompted the Court to vacate that hearing.  However, Defendant filed a later response on May 19, 2021, notifying the Court of his intent to "make an oral motion to dismiss this case" at the hearing on May 21, 2021.  Dkt. 17 at 3.  Consequently, the Court directed the parties to contact the Deputy Clerk to set a new hearing date, which the Court eventually scheduled for June 4, 2021.  It later turned out that the date was selected without Defendant's input, and Defendant sent a notice informing the Court that he could not attend.  The Court will not excuse Defendant's failure to attend, however, because Defendant had failed to contact the Deputy Clerk to arrange a hearing date, as directed, Min. Order (May 24, 2021), and, as an experienced attorney, Defendant should have anticipated that the notice he mailed to the Court on June 2, 2021, regarding his inability to attend the hearing, *see* Dkt. 19 at 3, would not be received before the 10:00 a.m. hearing on June 4.  *See* Dkt. 20 at 3.  Finally, Defendant failed to appear at the Court's July 26, 2021 hearing and has not offered any good cause for his failure to

do so, even though he received a month-and-a-half's notice of the hearing date and was directed to "notify the Court and opposing counsel as soon as possible, in advance of the hearing" if he could not attend.  *Id.* at 4.

The Court is also troubled by Defendant's failure to comply with its two orders compelling discovery in this case.  The Court's May 11, 2021 order directed Defendant to "promptly respond to the discovery filed to date" and permitted Defendant to "seek reconsideration" of that order.  Min. Order (May 11, 2021).  Although Defendant filed a response to that order on May 19, 2021, the response did not request reconsideration of the Court's discovery order.  Dkt. 17.  And while the Court is sympathetic that Defendant's medical troubles in May 2021 might have made it difficult for him to respond to discovery in May, Defendant has much less of an excuse when it comes to responding to the Court's June 9, 2021 order compelling discovery.  That order afforded Defendant forty-two days to respond to Plaintiff's discovery request.  Defendant did not do so, and instead filed a redundant motion to dismiss on June 16, 2021, Dkt. 21, and a reply brief on July 14, 2021, Dkt. 24.  Defendant now claims that the "motion to dismiss . . . was done while in medical distress" and that "a family friend and retired litigator . . . assist[ed] [Defendant] *pro bono*."  Dkt. 28 at 10 (Wilkins Decl. ¶ 8).  That representation raises eyebrows since Defendant alone signed the briefs in question. But, in any event, Defendant does not claim that he was hospitalized during this period—outside of a surgery on June 15, 2021—and he was apparently well enough to coordinate the submission of two briefs in support of a redundant, discretionary motion.  Defendant does not explain why he could not have received assistance from the same individual in complying with the Court's order.

14

In the end, however, "disposition . . . on the merits is generally favored," *Webb*, 146 F.3d at 971, and Defendant's health problems give the Court some reason to believe that other remedies, short of default judgment, might still be effective in inducing Defendant's compliance. Defendant responded to the Court's order to file an opposition in this case, Dkt. 27, and apparently was in good-enough health to do so.  Accordingly, the Court will afford Defendant one final opportunity to respond to Plaintiff's discovery requests.  However, as a result of Defendant's failure to comply with the Court's two orders compelling discovery, failure to timely object to Plaintiff's requests, and failure to "seek reconsideration" of the Court's initial order compelling Defendant to respond to Plaintiff's outstanding requests, *see* Min. Order (May 11, 2021), the Court will treat Defendant as having waived any objections to Plaintiff's discovery requests.  *See* Fed. R. Civ. P. 37(b)(2)(A)(ii); *Webb*, 146 F.3d at 971 (identifying "issue-related sanctions" as permissible, "less onerous" remedies than default judgment).  Defendant is also cautioned that further disregard for the Court's orders without good cause will result in a default judgment.

The Court further concludes that an award of reasonable expenses is warranted.  *See Ugwuonye*, 292 F.R.D. at 60 (awarding attorney's fees under Rule 37(b)(2)(C) against an experienced attorney proceeding *pro se*); *see also Klayman v. Judicial Watch, Inc.*, 256 F.R.D. 258, 263 (D.D.C. 2009).  Unlike the sanction of default judgment, which is generally committed to the discretion of the Court and should only be used as a last resort, Rule 37(b)(2)(C) makes an award of reasonable expenses, including attorney's fees, *mandatory* upon a party's failure to comply with a discovery order, unless the Court finds that "the failure was substantially justified or other circumstances make an award of expenses unjust." Fed. R. Civ. P. 37(b)(2)(C).  Here, for the reasons discussed above, the Court concludes that Defendant's failure to attend the June

4, 2021, and July 26, 2021 status conferences and to comply with the Court's May 11, 2021 and June 9, 2021 orders compelling discovery was not substantially justified, and that an award of expenses associated with those failures would not be unjust.  Accordingly, the Court will order Defendant to reimburse Plaintiff's reasonable expenses caused by Defendant's failure to attend those hearings and to comply with those orders, including reasonable expenses incurred in briefing the present motion.  The Court will excuse Defendant's failure to attend the May 11, 2021 hearing, however, given its close proximity to his hospitalization.

In her motion, Plaintiff calculated attorney's fees associated not just with Defendant's failure to attend the Court's hearings and failure to comply with the Court's discovery orders, but also expenses caused by Defendant's failure to respond to Plaintiff's discovery requests before the Court's involvement in May 2021.  *See* Dkt. 26-2 at 4 (Rodriguez Decl. ¶ 24) (requesting expenses related to "the mediation, discovery requests, demand letters, the three hearings which Defendants failed to attend, responding to the frivolous motion to dismiss, and the preparation of this Motion for Sanctions.").  Since Defendant had not yet failed to comply with a discovery order issued by the Court, those expenses fall outside the scope of Rule 37.  Similarly, the Court will not award expenses associated with responding to Defendant's motion to dismiss, which was not meaningfully caused by Defendant's failures to comply with the Court's orders.  The Court will, accordingly, require Plaintiff to submit a supplemental declaration outlining reasonable expenses associated only with the present motion; Defendant's failure to comply with the Court's May 11, 2021, and June 9, 2021 orders; and Defendant's failure to appear at the June 4, 2021, and July 26, 2021 hearings.

**CONCLUSION**

For the foregoing reasons, Plaintiff's motion for sanctions, Dkt. 26, is hereby

**GRANTED** in part and **DENIED** in part.  Defendant Vincent Wilkins Jr. is **ORDERED** to

respond to all Plaintiff's outstanding discovery requests on or before March 1, 2022, or provide

good cause for his failure to do so.  Defendant is cautioned that, absent good cause, the Court

will permit Plaintiff to renew her motion for default judgment under Rule 37(b)(2)(A)(vi) if

Defendant fails once again to respond.  It is further **ORDERED** that Plaintiff shall submit a

supplemental declaration on or before February 4, 2022, providing an account of the reasonable

expenses associated with her motion for sanctions; Defendant's failure to comply with the

Court's May 11, 2021, and June 9, 2021 orders; and Defendant's failure to appear at the June 4,

2021, and July 26, 2021 hearings.

**SO ORDERED**.

/s/ Randolph D. Moss
RANDOLPH D. MOSS
United States District Judge

Date:  January 26, 2022